UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Yolanda Cendejas, | No. C 04-4018 TEH (WDB) |
| Plaintiff(s), | ORDER FOLLOWING HEARING ON DEFENDANT'S MOTION TO COMPEL PSYCHIATRIC EXAMINATION OF PLAINTIFF YOLANDA CENDEJAS |
| v. | |
| Federal Insurance Company, Inc., *a New Jersey Corporation doing business as* The Chubb Group of Insurance Companies, | |
| Defendant(s). | |

On October 12, 2005, the Court conducted a hearing on defendant's motion to compel a psychiatric examination of plaintiff Yolanda Cendejas. For reasons articulated more thoroughly on the record, the Court ORDERS as follows:

1. On October 11, 2005, plaintiff filed a motion to strike the allegedly untimely declaration of Dr. Ronald H. Roberts, and raising evidentiary objections to Dr. Roberts' declaration as well as the declaration of Dr. Mark Levy. The Court DENIES plaintiff's motion to strike Dr. Roberts' declaration. The Court will, however, take plaintiff's evidentiary objections to the declarations of Dr. Roberts and Dr. Levy into consideration when ruling on defendant's motion to compel plaintiff's psychiatric examination.

2. On the record, plaintiff's counsel represented that, at trial, plaintiff will assert that defendant's conduct caused or contributed in part to two mental health disorders: obsessive-compulsive disorder and severe depression. Plaintiff also will contend that defendant's conduct caused her to experience 'garden-variety' emotional distress, including anxiousness (but not an anxiety disorder). She will not claim that defendant's

conduct caused or contributed to any additional mental or emotional <u>disorders</u>. Plaintiff's counsel also represented that plaintiff is <u>no longer suffering</u> from obsessive-compulsive disorder or severe depression.

Based on plaintiff's counsel's representation, the Court RECOMMENDS that plaintiff not be permitted to introduce evidence at trial that defendant's conduct caused or contributed to any mental or emotional <u>disorder</u> other than (i) obsessive-compulsive disorder, and (ii) severe depression. The Court further RECOMMENDS that plaintiff not be permitted to introduce evidence at trial of <u>continuing</u> obsessive-compulsive disorder or severe depression.

3. On this record, the Court is not persuaded that the psychiatric examination or testing of plaintiff is justified. **However**, defendant is permitted to supplement the record as follows:

**By October 26, 2005,** defendant may submit supplemental declarations from doctors Roberts and/or Levy that identify specific tests or sets of inquiries that, if administered to or pursued with plaintiff, a substantial percentage of the pertinent part of the scientific community would agree are likely to contribute substantially to developing a reliable understanding of the causes and/or severity or either or both of the disorders that allegedly afflicted plaintiff in the past (OCD and Severe Depression). For purposes of addressing these questions in the case at bar, defendant's experts must assume, in making their representations to the court, that plaintiff no longer suffers from either disorder and that she no longer exhibits the principal symptoms that supported her treating physician's earlier conclusion that she suffered from these two disorders.

Plaintiff may file a response to these declarations. This response may be supported by expert declaration(s) and must be received by **November 2, 2005.**

The Court will thereafter take the matter under submission.

4. If, after review of the above-described submissions, the Court permits some psychiatric examination or testing of plaintiff, the following conditions will apply:

(a) The entire examination and testing process will be tape-recorded.

    (b)    The raw data and any reports prepared by the examining doctors must be promptly disclosed to plaintiff. Plaintiff may make all such data and reports available to her treating physicians or experts.

    (c)    No examination or testing designed to assess plaintiff's 'credibility' or whether she is 'prone to exaggeration' will be permitted.

    (d)    Only testing or examination that is reasonably likely to shed reliable light on the causes or severity of the two specified disorders plaintiff claims to have had in the past (but that are no longer symptomatic) will be permitted.

5. In his declaration, Dr. Levy must disclose accurately the percentage of the forensic work that he has done since September 1, 2000, that has been for the defense side.

Dated: October 13, 2005                           /s/ Wayne D. Brazil
                                                           WAYNE D. BRAZIL
                                                           United States Magistrate Judge

cc: parties, WDB, TEH, stats