UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Yolanda Cendejas,

        Plaintiff(s),

v.

Federal Insurance Company, Inc., *a New Jersey Corporation doing business as* The Chubb Group of Insurance Companies,

        Defendant(s).
_____/

No. C 04-4018 TEH (WDB)

ORDER ADDRESSING PLAINTIFF'S MOTION TO SHORTEN TIME ON PENDING DISCOVERY DISPUTE

    The court has considered the papers that the parties have submitted addressing their dispute about the schedule the court should adopt for hearing plaintiff's motion to compel.

    The court is most displeased with Mr. Adams' and Ms. Peterson's unprofessional squabble about the history of the failed meet and confer process.

    A lawyer cannot satisfy the meet and confer requirements of the Federal Rules of Civil Procedure and of this Court by using a non-lawyer assistant as his proxy. Only lawyers can "meet and confer" as that phrase is used in this setting.

    Nor may a lawyer attempt to mislead the court. Ms. Peterson's Opposition brief and her Declaration appear to be crafted so as to create the impression in the undersigned's mind that her client responded to both the interrogatories and the document requests in issue here on August 29, 2005. Apparently that is not true.

Apparently the answers to interrogatories were timely served that day – but the document production was not timely and was not made until about September 5, 2005. Ms. Peterson is ADMONISHED to take more care in framing her presentations to the court to make sure there is virtually no risk that the court will make erroneous fact inferences from her words.

The court also is very unhappy that counsel have managed to conduct discovery in a manner that has yielded so many disputes that one side feels the need to devote a 16 page single-spaced letter to their articulation. The existence of so many discovery disputes, without more, is prima facie support for a finding that there has been a failure of professionalism and a violation of the mandates of both the federal and the local rules. The court hereby formally ADMONISHES all counsel in this matter that the court will impose substantial sanctions on any lawyer or party whose handling of discovery matters does not conform to the applicable rules. The court also PUTS ALL COUNSEL ON NOTICE that if they persist in presenting a large number of discovery disputes to the court there will be an aggressive inquiry by the undersigned into the sources of this state of affairs.

The Court hereby ORDERS Mr. Adams and Ms. Peterson to meet in person (face-to-face) by no later than Friday, October 21, 2005, to attempt to resolve any outstanding discovery problems or disputes. Only if that face-to-face meeting leaves important matters unresolved may Mr. Adams file a motion to compel. That motion must be filed by Friday, October 28. Defendant's opposition must be filed by Friday, November 4, 2005. Plaintiff's reply must be filed by Wednesday, November 9, 2005. Thereafter, the court will notify the parties if the court concludes that oral argument is necessary to fairly resolve the matters in issue.

IT IS SO ORDERED.

Dated: October 14, 2005         /s/ Wayne D. Brazil
                                WAYNE D. BRAZIL
                                United States Magistrate Judge

cc: parties, WDB, TEH, stats