UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA CENDEJAS,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE CO.,<br>dba THE CHUBB GROUP<br><br>Defendant. | No. C 04-04018 TEH (WDB)<br><br>ORDER RESOLVING DISCOVERY DISPUTES AND DENYING MOTION FOR SANCTIONS |

Having considered the extensive papers submitted by the parties in connection with the pending discovery disputes, as well as information previously provided to the undersigned by counsel, the court has concluded that it is quite unlikely that oral argument would improve in any appreciable measure the court's ability to rule fairly on the discovery disputes that remain. It follows that no hearing will be held on plaintiff's motion.

### PLAINTIFF'S REQUEST FOR FEE SHIFTING SANCTIONS

Plaintiff's request for fee shifting sanctions is DENIED. Plaintiff failed to acknowledge or to comply with Civil Local Rules 7-8 and 37-3.

The court notes, however, that defense counsel, in responding to plaintiff's request for sanctions, cited inapplicable authority and does not appear to understand that no finding of bad faith (or any other form of subjective culpability) is required to impose fee shifting sanctions under Rule 37(a). The cases defense counsel cite discuss the kinds of findings that a court must make before imposing sanctions under a federal district court's inherent authority or under 28 U.S.C. section 1927 – or when the form of sanction under Rule 37 is the most severe in the sanctioning arsenal: entry of judgment on the merits against the defendant. Thus the cases cited are clearly irrelevant to the kind of request made by plaintiff in this matter. The court hereby admonishes defense counsel to take more care in presenting argument and citing cases.

## PLAINTIFF'S REQUEST FOR 'PROPER VERIFICATION' OF DISCOVERY RESPONSES

Plaintiff asks the court to compel defendant to verify its responses to interrogatories and to requests for documents.

The Federal Rules of Civil Procedure do not require verification of responses to document requests. Instead, paragraph (g) of Rule 26 imposes a certification obligation on counsel when responding to discovery probes (or serving discovery requests) – and exposes counsel to sanctions if the responses they certify fail to meet the Rules' requirements. The court will not order Chubb to attach a separate "verification" to its responses to plaintiff's requests for documents.

Rule 33 does require verification of responses to interrogatories. No party is empowered to adjust the scope of that party's duties under the discovery rules by massaging the form of its verification. A corporate party may not shrink or limit its obligations by limiting its verification to information acquired in certain ways or from certain sources. Regardless of what words it purports to attach to its verification,

Chubb has a duty to produce all discoverable information in its custody or control. That is a duty that runs to Chubb in its entirety as a corporate party – a duty whose scope Chubb has no power to reduce.

The court will not order Chubb or its counsel to submit additional verifications or certifications – but the court hereby ORDERS Chubb and its counsel to make sure that all of Chubb's responses to plaintiff's discovery requests comply fully with the applicable Rules.

## THE PRIVACY OBJECTION

Chubb has failed to show that non-parties' privacy interests justify refusal to disclose any document or information. There is a protective order in place in this litigation. Subject to that protective order, Chubb must provide otherwise discoverable information and documents – even if doing so arguably implicates privacy interests of non-parties. Chubb may delete the names, addresses and phone numbers of non-parties from sensitive documents not otherwise available to the public. The court hereby OVERRULES, however, any privacy-based objection by Chubb to producing documents or providing information.

## DISPUTED DOCUMENT REQUESTS

For each of the categories of documents discussed below, Chubb must conduct a responsible ("reasonable" – as determined in light of all the circumstances) good faith search, then must produce any documents that are responsive, that have not already been produced, and that are not protected by the attorney-client privilege or work product doctrine.

Chubb also must produce a privilege log that covers all responsive documents that are withheld under an invocation of privilege or as work product. The log must comply with Federal Rule of Civil Procedure 26(b)(5).

After completing a good faith search that meets the law's requirements, Chubb must serve on counsel for plaintiff a writing, signed by its counsel, to which it attaches all discoverable documents (not heretofore produced) and in which it affirms, explicitly, that, to the best of its belief, formed after an investigation that complies fully with Chubb's duties under the discovery rules, there are no additional documents that are responsive to the request in question except those identified in Chubb's privilege log. The court will deem the signature of Chubb's counsel on this writing a certification under Rule 26(g).

In this writing, Chubb must identify by bates stamp number each document that is responsive to each category of document request, whether that document was produced earlier or is being produced for the first time in connection with the service of this signed writing. The purpose of this requirement is to enable plaintiff to identify every Chubb-produced document that is responsive to each category of request.

The categories of documents covered by Order are:

1. All documents of any kind (and regardless of how stored – e.g., electronically or otherwise) related to the posting of the job that plaintiff had filled at Chubb, to the withdrawal of that notice, and to the decision not to re-fill that position.

2. All documents related to any inquiry by plaintiff about or any application by plaintiff for any position with Chubb.

3. Documents sufficient to disclose accurately any position with Chubb in Northern California that was filled any time between July 1, 2002, and January 1, 2004, that could reasonably be considered "equivalent" to any position plaintiff had filled while she was employed by Chubb. The word "equivalent" is used here as a legal phrase of art; Chubb is to define that word as the law defines it in the FMLA context.

4. Documents sufficient to disclose accurately all Chubb-imposed 'freezes' or other limitations on hiring that applied between July 1, 2002, and January 1, 2004, to positions with Chubb in Northern California that would be deemed "equivalent" (under FMLA law) to the position held by plaintiff at Chubb in August of 2002.

5. All documents related to any complaints, however made (orally, in writing, electronically, or otherwise) and to whomever made (not limited to complaints filed with administrative agencies or to lawsuits) about how Chubb in Northern California responded to or purported to meet its obligations under the FMLA during the period July 1, 2002, through July 1, 2004.

By December 16, 2005, Chubb must serve on counsel for plaintiff a writing that specifically addresses each of these categories of documents and that complies with the requirements set forth above. That writing must be accompanied by a privilege log.

IT IS SO ORDERED.

Dated: November 22, 2005.

WAYNE D. BRAZIL
United States Magistrate Judge

Copies to: all parties, TEH, WDB, stats.

cendejas order resolving discovery disputes